**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
               :
In re             :
               :   Chapter 11
ELITE MODEL MANAGEMENT  :
CORPORATION       :   Case No. 04-_____ (  )
               :
       Debtor     :
               :
               :
-------------------------------------------------------------- x

**AFFIDAVIT OF EDWARD R. CURTIN**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK    )
            )   ss.:
COUNTY OF NEW YORK   )

     Edward R. Curtin, being duly sworn, deposes and says:

     1.    I am Assistant Secretary and General Counsel of Elite Model Management Corporation (the "Company" or "Elite New York "). I hereby submit this declaration (the "Declaration") in support of the Debtor's chapter 11 petition.

     2.    On the date hereof (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The opinions set forth herein are based on my first-hand experience with the Company, my review of the Company's books and records and other information, and discussions with current and former officers, directors and employees of the Company as well as outside advisors.

## The Company's Business

3.      Elite New York is a privately-held company incorporated in the state of New York. Elite New York's primary business consists of locating, developing and representing professional fashion models. In this regard, the Company manages, advises, counsels, promotes and negotiates on behalf of its models in the entertainment, print media, photography, advertising, industrial exhibition, runway, live show, video, internet, film and other industries. In particular, Elite New York provides its models with advice and assistance regarding personal appearances, composites and portfolios, arranging schedules, publicity and public relations, negotiation of agreements affecting model's careers, and invoicing and collecting fees earned by models. In consideration for Elite New York's services, the Company earns a commission for relationships or contracts created, negotiated or generated by or through Elite New York.

4.      The Company employs 27 employees in its New York office. This number does not include approximately 350 models, who are independent contractors with the Company. The majority of the Company's employees are known in the industry as "Bookers" or "Managers" -- who work closely with the models in the development of their careers and the selection, negotiation and scheduling of modeling assignments.

5.      For the fiscal year ended December 31, 2003, the Company had gross revenues of approximately $19.4 million. As of December 31, 2003, the Company's books and records reflected assets totaling approximately $4.5 million and liabilities totaling approximately $7 million (which number includes a recent judgment entered against the Company in the state of New York, described in more detail below).

## The Company's Capital Structure

6.      Elite New York is a privately-held company with a single class of common stock.  As of the Commencement Date, 90% of Elite New York's common stock was owned by Elite Model Management, S.A., ("Elite S.A.") a corporation organized under the laws of Switzerland.  The remaining 10% of Elite New York's common stock was owned by Monique Pillard ("Pillard")[1].  Elite New York owns 100% of the outstanding common stock of two (2) wholly-owned subsidiaries, Elite Model Management Miami Corporation ("Elite Miami") and Elite Model Management Corporation (LA) ("Elite Los Angeles"), as well as 50% of the common stock of Elite Model Management Corp. (Illinois) ("Elite Chicago") and Elite Model Management Corporation Toronto ("Elite Toronto").  In addition, Elite New York owns a 60% LLC interest in 1 Model Management LLC ("1 Model Management").  Elite S.A., Elite Miami, Elite Los Angeles, Elite Chicago, Elite Toronto and 1 Model Management are not debtors-in-possession in this or any other bankruptcy case.

7.      During the year ended December 31, 2002, Elite New York was party to a credit facility with JPMorgan Chase that had a maximum available line of credit of $850,000.  Substantially all of Elite New York's assets, including the Company's accounts receivable, were pledged as collateral under the credit facility.  On July 25, 2003, the Company received in its account a tax refund from which the bank deducted $502,256.95 to permanently pay down the line of credit including all accrued interest.  The Company currently has no bank credit facility and has no publicly held debt.

8.      The Company is the guarantor of certain obligations of Elite Illinois on bank notes payable up to a maximum amount of $250,000.  Substantially all of Elite Illinois'

---

[1] Pillard filed a voluntary chapter 11 petition in this Court on February 4, 2003.  The case (Case No. 04-10678) has been assigned to the Honorable Robert D. Drain.

KL2:2248326.8

assets are pledged as collateral under the notes payable. The Company's assets are not pledged as collateral under the guarantee.

## Events Leading to the Commencement of These Chapter 11 Cases

9.    For many years, the Company has been and continues to be recognized as one of New York's leading model management companies. Nonetheless, over the last few years, the Company has been forced to spend a significant portion of its income (and incur serious distraction, dislocation and negative publicity) defending itself in several costly and highly-publicized class action and other litigations. The most pressing litigation claim arises in an action in the New York State Supreme Court entitled *Victoria Gallegos v. Elite Model Management Corporation et al.* (Index No. 120577/00) (the "Gallegos Action"). The plaintiff in the Gallegos Action claimed that Elite New York and certain other named defendants failed to accommodate her acute sensitivity to tobacco smoke. On January 8, 2004, a $4.3 million judgment was entered against the Company in the Gallegos Action. The Company is appealing the judgment and believes it can reverse or significantly reduce the judgment on appeal.

10.    The Company was considering its options in connection with the judgment, including a possible settlement in the Gallegos Action, when, on January 28, 2004, an order to show cause was issued by the judge in the Gallegos Action on the motion of counsel for plaintiffs in three class actions pending against the Company and others (see below) on behalf of a movant described as "the general creditors of Elite." The Order to Show Cause (i) restrained the Company from taking certain actions and (ii) scheduled a hearing for February 13, 2004 to consider whether a temporary receiver of all of the Company's properties and assets should be appointed. It is the opinion of the Company's management that the appointment of a receiver

would seriously undermine the ability of the Company to operate and could destroy the value of the Company as a going concern.

11.     In addition to the proceedings described above, the Company is also a co-defendant in a federal class action entitled *Fears v. Wilhelmina et al.,* an analogous New York State Supreme Court action entitled *Shelton v. Marie et al.,* and a recent third class action brought in New York State Supreme Court entitled *Fletcher v. Elite et. al.*  Except for certain specific claims on behalf of one individual in the *Fletcher* case, the class actions are directed not at Elite New York alone, but at the business practices of the modeling industry as a whole.  The *Fears* and *Shelton* cases name numerous other model management companies and associated individuals as defendants; the *Fletcher* case is limited to Elite New York and associated individuals and entities.  Elite New York has vigorously defended the class actions and believes that they are without merit.

12.     The cost of litigation has had a severe adverse impact on the Company's cash flow.  To counter that impact, the Company has adopted a number of cost saving measures including: (i) a restructuring of the Company's lease for its New York headquarters which reduced monthly rent from approximately $45,000 to $25,000; (ii) workforce reductions resulting in annual savings of approximately $370,000; and (iii) a cost reduction program with the Company's major vendors resulting in an annual savings of approximately $50,000.  In addition, prior to the filing, the Company engaged AMJ Advisors LLC ("AMJ") to assist it in accomplishing a successful reorganization without interfering with or unduly burdening the day to day operations of the modeling business.  The Company is seeking Court approval for the continued retention of AMJ.

13.     As a result of the Gallegos Action and the aggressive litigation tactics utilized by the class action plaintiffs, the Company is faced with the possibility of losing the business and its value as a going concern.  Accordingly,  the Company determined that its only viable option was to file this voluntary petition.  Chapter 11 will provide the Company and its employees with a breathing spell from the constant onslaught of litigation and provide for the efficient and orderly operation of the Company for the benefit of its true creditors, shareholders, employees and the models it represents.  The Debtor intends to promptly explore all of its options to ensure that Elite New York continues as one of the premier model management companies in New York.

### Additional Information Required by Local Rule 1007-2

14.     Unless otherwise indicated, the financial information contained herein is unaudited.  As noted above, the information set forth herein is based on my first-hand experience at the Company, my review of the Debtor's books and records and other information, discussions with current and former officers, directors and employees of the Company as well as outside advisors.

15.     Pursuant to Local Bankruptcy Rule 1007-2(a)(4), set forth on Schedule 1 is a list of the names, addresses, and, where available, telephone numbers of the creditors of the Debtor holding the twenty largest unsecured claims, excluding insiders. Such list includes the amount of the claim, the nature of the claim (i.e., trade debt, bank loan, government contract, etc.), and, if appropriate, an indication of whether based on current information, such claim is contingent, unliquidated, disputed, or partially secured, subject, however, to the Company's reservations of rights to object to the amount or validity of all claims.

16.     Pursuant to Local Bankruptcy Rule 1007-2(a)(5), set forth on Schedule 2 hereto is a list of the names and addresses of the Debtor's creditors holding the five largest secured claims (on a combined basis), excluding insiders. Such list includes a brief description of the claim, the amount of the claim, and an estimate of the value of the collateral securing the claim. The Debtor reserves its right to challenge the validity of all claims and liens.

17.     Pursuant to Local Bankruptcy Rule 1007-2(a)(6), as of December 31, 2003, the Company's books and records reflected assets totaling approximately $4.5 million and liabilities totaling approximately $7 million.

18.     Pursuant to Local Bankruptcy Rule 1007-2(a)(7), set forth on Schedule 3 is a list of the number and classes of shares of publicly held stock, debentures, and other securities of the Debtor and a schedule of the shares held by the Debtor's officers and directors.

19.     Pursuant to Local Bankruptcy Rule 1007-2(a)(8), set forth on Schedule 4 is a listing of the Debtor's property that is currently in the possession of a custodian, public officer, mortgage, pledge, assignee, or secured creditor.

20.     Pursuant to Local Bankruptcy Rule 1007-2(a)(9), set forth on Schedule 5 is a list of the premises owned, leased, or held under other arrangement, from which the Debtor operates its business.

21.     Pursuant to Local Bankruptcy Rule 1007-2(a)(10), set forth on Schedule 6 is a list of the locations of the Debtor's substantial assets in the United States. To the best of my knowledge, the Debtor has no material assets located outside the territorial limits of the United States, except as otherwise set forth herein.

22.     Pursuant to Local Bankruptcy Rule 1007-2(a)(11), set forth on Schedule 7 is a list of actions or proceedings, pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent.

23.     Pursuant to Local Bankruptcy Rule 1007-2(a)(12), set forth on Schedule 8 are the names of the individuals who comprise the Debtor's current senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

24.     The Debtor intends to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Accordingly, pursuant to Local Bankruptcy Rule 1007-2(b)(2), set forth on Schedule 9 are the estimated amounts to be paid to the Debtor's employees (not including officers, directors, and stockholders) and the estimated amounts to be paid to the officers, directors, stockholders, and financial consultants for services for the thirty-day period following the commencement of the Debtor's chapter 11 case.

KL2:2248326.8

25.     Pursuant to Local Bankruptcy Rule 1007-2(b)(3), set forth on Schedule 10 are the estimated cash receipts and disbursements and net cash gain or loss for the thirty-day period following the commencement of the Debtor's chapter 11 case.


By: /s/ Edward R. Curtin
        Edward R. Curtin
        Assistant Secretary and General Counsel

Sworn to and subscribed before me
this 11th day of February, 2004


/s/ Lauren Fontein
Notary Public

Lauren Fontein
Notary Public, State of New York
01FO6081986
Qualified in New York County
Commission Expires October 21, 2006

# SCHEDULE 1

## LIST OF ELITE MODEL MANAGEMENT CORPORATION CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the Elite Model Management Corporation ("Elite New York") creditors holding the 20 largest unsecured claims, excluding prepayments made by the Debtor on account of merchandise that has not been received as of the Commencement Date. The list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 5 § 101, or (2) secured creditors unless the value of the collateral is less than the total amount of such creditor's claim. This list designates certain claims as being contingent, unliquidated, disputed or subject to set-off, however the Debtor reserves the right to amend such designation or non-designation or to challenge the validity of any claims at a later date. This list does not list claims held by any of the Debtor's employees or independent contractors. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. This list reflects amounts as of February 10, 2004.

| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE OF EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM. | AMOUNT OF CLAIM (if secured also state value of security) | CONTINGENT, UNLIQUIDATED, DISPUTED OR SUBJECT TO SET-OFF |
|---|---|---|---|
| Victoria Gallegos<br>c/o Brill & Meisel<br>488 Madison Avenue<br>New York, N.Y. 10022<br>Attn: Rosalind Fink, Esq. | Victoria Gallegos<br>c/o Brill & Meisel<br>488 Madison Avenue<br>New York, N.Y. 10022<br>Attn: Rosalind Fink, Esq.<br>Phone: (212) 753-5599<br>Fax: (212) 486-6587 | $4,300,000.00 | DISPUTED |
| Jenkens & Gilchrist Parker Chapin, LLP<br>P.O. Box 847878<br>Dallas, Texas 75284-7878<br>Attn: Michael Friedman | Jenkens & Gilchrist Parker Chapin, LLP<br>P.O. Box 847878<br>Dallas, Texas 75284-7878<br>Attn: Michael Friedman<br>Phone: (212) 704-6000<br>Fax: (212) 704-6288 | $557,099.03 | DISPUTED |
| Decorsey Folkes<br>c/o Spar & Bernstein<br>225 Broadway, Suite 512<br>New York, New York 10007<br>Attn: Joseph A. Turco | Decorsey Folkes<br>c/o Spar & Bernstein<br>225 Broadway, Suite 512<br>New York, New York 10007<br>Attn: Joseph A. Turco<br>Phone: (212) 227-3636<br>Fax: (212) 227-3030 | $70,000 | |
| McLaughlin & Stern, LLP<br>260 Madison Ave<br>New York, NY 10016<br>Attn: Paul Neschis | McLaughlin & Stern, LLP<br>260 Madison Ave<br>New York, NY 10016<br>Attn: Paul Neschis<br>Phone: (212) 448-1100<br>Fax: (212) 448-0066 | $64,459.78 | DISPUTED |

KL2:2248326.8

# LIST OF ELITE MODEL MANAGEMENT CORPORATION CREDITORS
## HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continued)

| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE OF EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM. | AMOUNT OF CLAIM (if secured also state value of security) | CONTINGENT, UNLIQUIDATED, DISPUTED OR SUBJECT TO SET-OFF |
|---|---|---|---|
| Winoker Realty Co.<br>462 Seventh Avenue, Floor 12A<br>New York, NY 10018 | Winoker Realty Co.<br>462 Seventh Avenue, Floor 12A<br>New York, NY 10018<br>Attn: Navin Balraj<br>Phone: (212) 764-7666 Ext. 3256<br>Fax: (212) 354-0401 | $26,000.00 | |
| American Express<br>16 General Warren Blvd.<br>Melvern, PA 19355<br>Attn: Yvonne Bentley | American Express<br>16 General Warren Blvd.<br>Melvern, PA 19355<br>Attn: Yvonne Bentley<br>Phone: (877) 837-8839<br>Fax: (610) 993-8493 | $25,163.09 | |
| B/W/R Public Relations<br>909 Third Ave<br>New York, NY 10022 | B/W/R Public Relations<br>909 Third Ave<br>New York, NY 10022<br>Phone: (212) 901-3920<br>Fax: (212) 901-3995 | $22,165.31 | |
| Aetna US Healthcare<br>P.O. Box 7777-W7480-76<br>Philadelphia, PA 19175-7480 | Aetna US Healthcare<br>P.O. Box 7777-W7480-76<br>Philadelphia, PA 19175-7480<br>Attn: Sh-Keer Evans<br>Phone: (877) 900-2371 Ext. 2632<br>Fax: (860) 975-0371 | $21,389.10 | |
| Sean Drakes<br>P.O. Box 55092<br>Atlanta, GA 30308 | Sean Drakes<br>P.O. Box 55092<br>Atlanta, GA 30308<br>Phone: (212) 696-6469 | $10,250.47 | |
| Print NY<br>P.O. Box 2073<br>New York, NY 10013-0882 | Print NY<br>P.O. Box 2073<br>New York, NY 10013-0882<br>Attn: Isabella<br>Phone: (212) 680-1901 | $9,497.80 | |
| Sage Realty Corporation<br>777 Third Avenue<br>New York, NY 10017<br>Attn: Wendy Reo | Sage Realty Corporation<br>777 Third Avenue<br>New York, NY 10017<br>Attn: Wendy Reo<br>Phone: (212) 758-0437<br>Fax: (212) 751-4387 | $9,287.53 | |

KL2:2248326.8

# LIST OF ELITE MODEL MANAGEMENT CORPORATION CREDITORS
## HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continued)

| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE OF EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM. | AMOUNT OF CLAIM (if secured also state value of security) | CONTINGENT, UNLIQUIDATED, DISPUTED OR SUBJECT TO SET-OFF |
|---|---|---|---|
| Zero Models<br>12 Greenpoint Mews 99 Main Road<br>Greenpoint, Capetown | Zero Models<br>12 Greenpoint Mews 99 Main Road<br>Greenpoint, Capetown<br>SOUTH AFRICA<br>Phone: 21-434-5744<br>Fax: 21-424-3077 | $9,150.00 | |
| Bond Model Management<br>116 West 23rd Street #500<br>New York, NY 10010 | Bond Model Management<br>116 West 23rd Street #500<br>New York, NY 10010<br>Attn: Jonathan Baram<br>Phone: (212) 206-9302<br>Fax: (212) 206-7518 | $8,963.67 | |
| The State Insurance Fund<br>P.O. Box 4788<br>Syracuse, NY 13221-4788 | The State Insurance Fund<br>P.O. Box 4788<br>Syracuse, NY 13221-4788<br>Phone: (800) 875-5790 | $8,821.62 | |
| Baker Winokur Ryder | Baker Winokur Ryder<br>909 Third Avenue<br>New York, NY 10022<br>Phone: (212) 901-3920<br>Fax: (212) 901-3995 | $7,169.53 | |
| Scandanavian Models | Scandinavian Models<br>Gothersgade 89, Stuen<br>1123 Copenhagen, Denmark<br>Attn: Fredo<br>Phone: 3393-2424<br>Fax: 3393-9224 | $6,536.60 | |
| Verizon | Verizon<br>P.O. Box 15124<br>Albany, NY 12212-5124<br>Phone: (718) 840-0200 | $6,327.88 | |
| ID Model Management | ID Model Management<br>137 Varick Street, 4th Floor<br>Suite #401<br>New York, NY 10013<br>Attn: Adrian<br>Phone: (212) 206-1818<br>Fax: (212) 206-3838 | $6,307.05 | |

KL2:2248326.8

## LIST OF ELITE MODEL MANAGEMENT CORPORATION CREDITORS
## HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continued)

| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE OF EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM. | AMOUNT OF CLAIM (if secured also state value of security) | CONTINGENT, UNLIQUIDATED, DISPUTED OR SUBJECT TO SET-OFF |
|---|---|---|---|
| Mang Ling Tan | Mang Ling Tan<br>222 E. 24th Street, Apt.5A<br>New York, NY 10010<br>Phone: (917) 353-5464 | $6,137.29 | |
| Tel-One Communications Inc. | Tel-One Communications Inc.<br>4 Park Place<br>Glen Cove, NY 11542<br>Attn: Ralph<br>Phone: (516) 676-8803<br>Fax: (516) 676-8898 | $5,871.14 | |

KL2:2248326.8

## SCHEDULE 2

## CREDITORS HOLDING THE FIVE LARGEST SECURED CLAIMS[2]

| Name of Secured Creditor | Address | Collateral | Contingent, Unliquidated, Disputed or Subject to set-off [3] |
|---|---|---|---|
| Canon Business Solutions Northeast, Inc. | 125 Park Avenue New York, NY 10017 | Office Equipment | |
| Pitney Bowes Credit Corporation | 2225 American Drive Neenah, WI 54956-1005 | Office Equipment | |
| Wells Fargo Financial Leasing, Inc. | P.O. Box 98787 Las Vegas, NV 89193 | Office Equipment | |

---

[2] As of the Commencement Date, the Debtor had not determined whether these listed claims were leases or secured financing and thereby reserves the right to amend its classification of each of these claims.

[3] No claims are listed on this schedule as contingent, disputed, unliquidated or subject to set-off, however the Debtor reserves the right to amend such designation or challenge the validity of such claims at a later date.

KL2:2248326.8

**SCHEDULE 3**
**NUMBER AND CLASSES OF SHARES**
**OF STOCK, DEBENTURES, AND OTHER SECURITIES**
**OF ELITE MODEL MANAGEMENT CORPORATION THAT ARE PUBLICLY**
**HELD, AND THE NUMBER OF REGISTERED HOLDERS THEREOF,**
**LISTING SEPARATELY THOSE SECURITIES HELD BY EACH OF THE**
**DEBTOR'S OFFICERS AND DIRECTORS AND THE AMOUNTS SO HELD**

N/A

KL2:2248326.8

# SCHEDULE 4

## PROPERTY THAT IS CURRENTLY IN THE POSSESSION OF A CUSTODIAN, PUBLIC OFFICER, MORTGAGE, PLEDGE, ASSIGNEE, OR SECURED CREDITOR

**N/A**

KL2:2248326.8

# SCHEDULE 5

## PREMISES OWNED, LEASED, OR HELD UNDER OTHER
## ARRANGEMENT FROM WHICH THE DEBTOR OPERATES ITS BUSINESS

| Location | Landlord | Description |
|---|---|---|
| Winoker Realty Co., Inc.<br>462 Seventh Avenue, Floor 12A<br>New York, NY 10018 | Winoker Realty Co., Inc.<br>462 Seventh Avenue, Floor 12A<br>New York, NY 10018 | Office Facility/<br>Corporate<br>Headquarters |
| Model Apartment*<br>New York, New York | Canal Associates, LP<br>430 West Broadway<br>New York, New York | Apartment for models |
| Model Apartment*<br>New York, New York | Sage Realty Corporation<br>777 Third Avenue<br>New York, New York 10017 | Apartment for models |

---

* Address not disclosed for security purposes.

KL2:2248326.8

**SCHEDULE 6**

**LOCATION OF THE DEBTOR'S SUBSTANTIAL
ASSETS IN THE UNITED STATES**

Pursuant to Local Bankruptcy Rule 1007-2(a)(10) set forth below is a list of the locations of the Debtor's substantial assets in the United States.

| Location | Description |
|---|---|
| 111 East 22nd Street<br>New York, New York  10010 | Office Facility/ Corporate Headquarters |

KL2:2248326.8

## SCHEDULE 7

## ELITE MODEL MANAGEMENT CORPORATION
## PENDING LITIGATION

| Caption / Case Number | Court | Status | Nature of Action | Amount in Controversy | Opposing Counsel |
|---|---|---|---|---|---|
| Victoria Gallegos v. Elite Model Management Corporation, John Casablancas, Gerald Marie, Mary Ann D'Angelico, and Monique Pillard Index No.: 1205770/00 | New York State Supreme Court/Filed October 3, 2000 | Judgement entered January 8, 2004; Order to Show Cause filed January 28, 2004 requiring Elite to show cause by February 13, 2004 why Court should not appoint Receiver | Disability Discrimination against company and certain officers and directors | $4.3 million judgement | Rosalind Fink, Esq. Brill & Meisel 488 Madison Avenue New York, N.Y. 10022 (212) 753-5599<br><br>Robert Herbst, Esq. Beldock Levine & Hoffman, LLP 99 Park Avenue New York, N.Y. 10016-1503 (212) 490-0400 |
| Maryanne Fletcher, et al. v. Elite Model Management Corp.; Elite Model Management S.A.; Elite Group S.A.; Elite Premier; Gerald Marie; John Casablancas; Alain Kittler; Monique Pillard; Advertex Communications, Inc.; Macy's East, Inc.; and Federated Group, Inc. Index No.: 100456/04 | New York State Supreme Court/Filed January 13, 2004 | Issue has not yet been joined. Case has not been assigned to any justice | Breach of fiduciary duty, fraud, breach of contract. civil rights violations, operating in violation of Article 11 of the GBL | No specific amount in damages is demanded in ad damnum | Andrew Hayes, Esq. Boies Schiller & Flexner LLP 333 Main Street Armonk, New York 10504 |
| Carolyn Fears, et al. v. Wilhelmina Model Agency, Inc., et al. Case No. 02 Civ. 4911 | U.S. District Court for the Southern District of New York/Filed June 25, 2002 | Motion for summary judgment filed January 15, 2004 | Antitrust case against Elite and other model management companies | No specific amount in damages is demanded in ad damnum | Andrew Hayes, Esq. Boies Schiller & Flexner LLP 333 Main Street Armonk, New York 10504<br><br>Brian Rishwain, Esq. Johnson & Rishwain LLP 12121 Wilshire Boulevard Suite 1201 Los Angeles, CA 90025 |

KL2:2248326.8

| Caption / Case Number | Court | Status | Nature of Action | Amount in Controversy | Opposing Counsel |
|---|---|---|---|---|---|
| | | | | | (310) 826-2410<br><br>Merrill Davidoff<br>Berger & Montagne, PC<br>1622 Locust Street<br>Philadelhia, PA 10103<br>(215) 875-3000<br><br>Anthony J. Bolognese, Esq.<br>Bolognese & Associates, LLC<br>One Penn Center<br>1617 JFK Boulevard Suite 650<br>Philadelphia, PA 19103<br>(215) 814-6750<br><br>John Marcoretta<br>Spector, Roseman & Kodroff, PC<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 496-0300 |
| Next Model Management v. Elite Model Management Corporation, et al. Index No. 601651/02 | New York State Supreme Court /Filed May 1, 2002 | Trial scheduled for March 29, 2004. | Tortious Interference with Contract | $10,000,000 demanded in ad damnum | David Jaroslawicz & Jaros, Esqs.<br>150 William Street<br>New York, N.Y. 10038<br>(212) 227-2780 |
| Shelton v. Elite, et al. Index No. 601076/03 | New York State Supreme Court/May 16, 2003 | Defendants must move to dismiss by March 12, 2004. | Class action against Elite and other model management companies | No specific amount in damages is claimed | Andrew Hayes, Esq.<br>Boies Schiller & Flexner LLP<br>333 Main Street<br>Armonk, New York 10504<br><br>Brian Rishwain, Esq.<br>Johnson & Rishwain LLP |

| Caption / Case Number | Court | Status | Nature of Action | Amount in Controversy | Opposing Counsel |
|---|---|---|---|---|---|
| | | | | | 12121 Wilshire Boulevard Suite 1201 Los Angeles, CA 90025 (310) 826-2410 |
| Folkes v. Elite Case No. 02 Civ. 9579 | U.S. District Court for the Southern District of New York/Filed December 2, 2002 | Settled but not consummated | Class action by former Elite employees for violation of discrimination laws | $70,000 settlement | Joseph A. Turco Spar & Bernstein 225 Broadway, Suite 512 New York, New York 10007 212-227-3636 |
| VanTassel v. Elite Index No. 03/107541 | State Supreme Court/Filed April 24, 2003 | Elite counterclaimed for breach of contract. In discovery stages. | Breach of contract | $50,000 demanded in ad damnum | Robert Hantman, Esq. Hantman & Associates 65 Bleeker street, 4th Floor New York, N.Y. 212-228-2600 |
| Murray and Boselli v. Elite, et al. Case No. BC307749 | California State Superior Court | Answer due February 25, 2004 | Retaliatory termination | No specific amount of damages claimed | Lisa L. Maki, Esq. Huron Maki & Johnson LLP 1875 Century Park East, Suite 1000 Los Angeles, CA 90067 <br><br> Raymond P. Boucher, Esq. Kiesel Boucher & Larson LLP 8648 Wilshire Blvd. Beverly Hills, CA 90211 |

KL2:2248326.8

**SCHEDULE 8**

**THE DEBTOR'S EXISTING SENIOR MANAGEMENT,
THEIR TENURE WITH THE DEBTOR, AND A SUMMARY OF
<u>THEIR RELEVANT RESPONSIBILITIES AND EXPERIENCE</u>**

| Name/Position | Summary of Responsibilities and Experience |
|---|---|
| Gerald Marie<br>President | Chief Executive Officer and President, Member of Elite NY, Miami & LA Board of Directors. Mr. Marie has been the Booking Managing Director and President of Elite Model Management Corp since 2000. Mr. Marie is based in Paris, France where he is Executive Manager of Elite Network worldwide. |
| Monique Pillard<br>Vice President | Vice President, Chief Operating Officer and Director of Elite Celebrities Division. Started Elite Model Management Corp in 1977. |
| Alain Kittler<br>Secretary/Treasurer | Secretary/Treasurer. On Board of Directors of Elite Model Management Corp in New York, Los Angeles and Miami for over 25 years. Based in Paris, France, Mr. Kittler is involved in financial matters of entire Elite Network worldwide. |
| Edward R. Curtin, Esq.<br>Assistant Secretary and<br>General Counsel | Assistant Secretary and General Counsel. Outside Corporate Counsel for Elite Model Management in New York for over 10 years. Mr Curtin is located at The Law Offices of Edward R. Curtin, P.C., 288 Lexington Ave, New York, NY. |

KL2:2248326.8

**SCHEDULE 9**

**<u>PAYROLL</u>**

Pursuant to Local Bankruptcy Rule 1007-2(b)(1)-(2)(A), the following provides the estimated amount of weekly payroll (excluding benefits payments) to the Debtor's employees (not including officers, directors, and stockholders) for the thirty (30) day period following the filing of the chapter 11 petitions and the estimated amount to be paid to officers, directors, stockholders, and financial and business consultants retained by the Debtor, for the thirty (30) day period following the filing of the chapter 11 petitions.

| | |
|---|---|
| Payments to Employees (Excluding Officers, Directors, and Stockholders) | $225,000 |
| Payments to Officers, Directors, and Stockholders | $0 |
| Payments to Financial and Business Consultants | $0 |

KL2:2248326.8

**SCHEDULE 10**

**DEBTOR'S ESTIMATED CASH DISBURSEMENTS AND RECEIPTS
FOR THE 30-DAY PERIOD FOLLOWING THE COMMENCEMENT DATE**

| Estimated Cash Receipts | Estimated Cash Disbursements | Estimated Net Cash Gain (Use) |
|---|---|---|
| $1,000,000[1] | $1,720,000 | ($720,000) |

---

[1] Not including opening cash or any draw under the DIP Facility.

KL2:2248326.8