Hearing Date: January 19, 2004 at 10:00 p.m. EST

Joshua D. Rievman (JR-0539)
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                          :     CHAPTER 11
                                                                :
Elite Model Management Corporation,                             :
                                                                :
                                                                :
                        Debtor.                                 :     Case No. 04-10845 (RDD)
                                                                :
                                                                :
-------------------------------------------------------------------x

## FURTHER RESPONSE OF GERALD MARIE AND ALAIN KITTLER TO MODEL CREDITORS' MOTION FOR AN ORDER THAT AUTOMATIC STAY DOES NOT APPLY TO MARIE AND KITTLER

1.      Gerald Marie ("Marie") and Alain Kittler ("Kittler") respectfully submit this further Response in opposition to the motion of the Model Creditors for an order that the automatic stay does not extend to Marie and Kittler, which the Court converted to a motion for relief from the stay, to the extent it applies, during the hearing before the Court on December 7, 2004 (the "December Hearing").

2.      During the December Hearing, the Court expressed an interest in whether the so-called "consumer fraud cause of action" in the consolidated state court action, "pleads any relief other than on an alter ego basis." (Transcript of December Hearing at 126).    The short answer is no, these causes of action do not plead relief on anything other than an alter ego basis.

3.  The causes of action to which Olav Haazen, counsel for  the Model Creditors, referred as "consumer fraud" causes of action are actually claims for fraud and breach of fiduciary duty, which relate principally to the Article 11 claims and make no mention of any particular acts or statements that Marie or Kittler is alleged to have performed or made.

The <i>Shelton</i> Amended Complaint

4.  In the <u>Shelton</u> pleading the causes of action in question are the Third and Fourth Causes of Action. They are titled as follows:

    a.  the Third Cause of Action  is "The Elite Class -- Common Law Breach of Fiduciary Duty;" and

    b.  the Fourth Cause of Action is "The Elite Class – Fraud and Breach of Fiduciary Duty Based on Violations of, and Conspiracy to Violate, GBL §§ 170-190."

A copy of the Amended Complaint in <u>Shelton</u> is attached hereto as Exhibit A.

5.  In the Third Cause of Action, plaintiffs expressly state that the relief they seek is on an alter ego basis.  Plaintiffs seek to recover "apart from Elite's violation of Article 11 of the New York General Business Law, and to recover the same damages against Marie, Casablancas, Pillard and Elite S.A., *as persons who controlled Elite and were engaged in its unlawful operations detailed herein*." (Amended Complaint, Ex. A, at ¶ 172, emphasis added).[1]   The Amended Complaint then goes on to allege that Elite owes fiduciary duties and, without explanation, claims that this made these individuals and affiliates fiduciaries, and that as

---

[1] Interestingly, although the <u>Shelton</u> Amended Complaint names Kittler, it asserts no claims specifically against him.

fiduciaries there was a duty to disclose any self-dealing. (Id. at ¶ 173).  The pleading continues to allege that Elite had systematically breached its obligations since 1979 and engaged in certain practices "with the knowledge and approval of its senior management and owners."  (Id. at ¶ 174).  The Amended Complaint then details several alleged practices of Elite, and never identifies any act or statement of any of the individual defendants.  There can be little question that any liability alleged under the Third Cause of Action is asserted entirely by virtue of the defendants' positions as owners, officers or directors.

6.      The Fourth Cause of Action is but a rehash of the Article 11 claims and seeks to impose liability for "Elite's misrepresentations and breaches of fiduciary duty" that result from the alleged conspiracy to "hold themselves out as `managers' exempt from regulation under the GBL." (Amended Complaint, Ex. A, at  ¶ 182).  Paragraph 183 refers to what Elite allegedly told models, and what Elite's contracts allegedly said.  Paragraph 184 complains about "Elite's false statements."  Once again there is not a single allegation that either Marie or Kittler, nor any other individual, made any statement or took any action.  Plaintiffs simply seek to impose liability on owners, officers or directors or Elite by virtue of their position. [2]

---

[2] Such allegations are in fact insufficient to plead liability against officers or directors of a corporation. A claim  based on the alleged wrongful conduct or director of a corporation for fraud  or  breach of fiduciary duty must detail, with  specificity, that the officer or director "participated in or  had knowledge of the fraud, even if they did not stand to gain personally."  Polonetsky v. Better Homes Depot, Inc., 97 N.Y.2d 46, 66 (2001).

The *Fletcher* Complaint

7.      As set forth in our November 3, 2004 Response, the Complaint in Fletcher asserts two similar claims, the Second and Third Causes of Action against Marie and Kittler, along with Elite and others.  The Second Cause of Action alleges a violation of GBL Article 11, claiming that Elite along with its "alter egos" and persons "familiar with its operations" overcharged plaintiff and others on commissions.  (Complaint, Ex. A to November 3, 2004 Response,  at ¶¶ 80-86)

8.      The alter ego nature of these claims in the Third Cause of Action is no less clear.  The Third Cause of Action asserts claims for breach of fiduciary duty and misrepresentations and revolves around the same GBL Article 11 allegations, as well as other allegations regarding alleged over billing and alleged bogus expenses. (Id. at ¶¶ 87-95).  Plaintiff claims that "*[a]s officers, directors and affiliates of Plaintiff's purported manager, Elite* and each of the other Article 11 Defendants owed fiduciary and other good faith duties to Fletcher." (Id. at 89, emphasis added).

9.      The Complaint continues to allege that the individuals had a duty to disclose that under Article 11 they were operating an unlicensed employment agency and that their "knowingly false statements about Elite's status" breached their fiduciary duties. (Id. at 91). Nowhere is there any allegation of any specific misrepresentation that would give rise to individual liability.  Finally, the Complaint concludes, without more, that these alleged breaches, misrepresentations, and inflated charges "were imposed as a pattern of conduct approved and directed by Elite's senior management, including Marie, Casablancas, Kittler and Pillard." (Id. at 93).

4

This final allegation confirms that plaintiffs seek to impose liability purely on an alter ego basis, and have pled nothing to the contrary.

<u>Status of the Consolidated State Court Action</u>

10.    We are not aware of any developments with respect to the motion to dismiss.

11.    On December 10, 2004, in response to this Court's concerns expressed at the December Hearing, Marie and Kittler withdrew their motions to dismiss the consolidated state court action, without prejudice to renew at the expiration of the stay or a determination of this Court that the stay does not apply.

12.    For the reasons set forth above, Marie and Kittler respectfully request that the Court deny the Model Creditors motion in its entirety.

Dated: New York, New York
         January 18, 2005

HOGUET NEWMAN & REGAL, LLP


By:    _____s/Joshua Rievman_____
          Joshua D. Rievman (JR 0539)
       10 East 40th Street
       New York, New York 10016
       212-689-8808

Attorneys for Gerald Marie and Alain Kittler

5