KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Kenneth H. Eckstein, Esq. (KE-6021)
Robert T. Schmidt, Esq. (RS-8881)
Jack A. Hazan, Esq. (JH-3833)

Attorneys for the Reorganized Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **EMMC, Inc., f/k/a** | : | Case No. 04-10845 (RDD) |
| **Elite Model Management Corporation,** | : | |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF DEBTOR'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A STIPULATION AND ORDER BETWEEN THE DEBTOR AND CREATIVE WORLD MANAGEMENT LLC

PLEASE TAKE NOTICE that on November 25, 2005, the above-captioned Reorganized Debtor (the "Debtor") filed the annexed Motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of the Stipulation and Order (the "Stipulation"), substantially in the form annexed to the Motion as Exhibit A, between the Debtor and Elite Model Management Corp., f/k/a Creative World Management LLC ("Creative"), with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that a hearing to consider the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the

United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004 on **Friday, December 16, 2005, at 10:00 a.m. Eastern Time**.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must be filed with the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408, with a copy to Chambers, together with proof of service thereof and served upon: (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Pamela J. Lustrin, Esq.; and (ii) Kramer Levin Naftalis & Frankel LLP, counsel for the Reorganized Debtor, 1177 Avenue of the Americas, New York, New York 10036, Attention: Robert T. Schmidt, Esq. & Jack A. Hazan, Esq.; so as to be received no later than **4:00 p.m. Eastern Time on Tuesday, December 12, 2005**.

Dated: New York, New York
      November 25, 2005

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Jack A. Hazan
Kenneth H. Eckstein (KE-6021)
Robert T. Schmidt (RS-8881)
Jack A. Hazan (JH-3833)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for the Reorganized Debtor

KL2:2420638.1

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Kenneth H. Eckstein, Esq. (KE-6021)
Robert T. Schmidt, Esq. (RS-8881)
Jack A. Hazan, Esq. (JH-3833)

Attorneys for Reorganized Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **EMMC, Inc., f/k/a** | : | Case No. 04-10845 (RDD) |
| **Elite Model Management Corporation,** | : | |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTOR'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A STIPULATION AND ORDER BETWEEN THE DEBTOR AND CREATIVE WORLD MANAGEMENT LLC

TO:   THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE

EMMC, Inc., f/k/a Elite Model Management Corporation, as the above captioned Reorganized Debtor (the "Debtor"), hereby submits this Motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of the Stipulation and Order (the "Stipulation"), substantially in the form annexed hereto as Exhibit A, between the Debtor and Elite Model Management Corp., f/k/a Creative World Management LLC ("Creative"). In support of this Motion, the Debtor respectfully represents as follows:

#### Background

1.     On February 11, 2004 (the "Commencement Date"), the Debtor commenced its case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

KL2:2420636.2

2. On February 27, 2004, the United States Trustee formed an Official Committee of Unsecured Creditors (the "Committee").

3. On August 24, 2004, the Bankruptcy Court approved and the Debtor consummated the sale of substantially all of the Debtor's assets (the "Asset Sale") to Creative under Section 363 of the Bankruptcy Code pursuant to the terms of an Asset Purchase Agreement dated as of August 24, 2004 (the "APA"). The Asset Sale was consummated by the parties on August 24, 2004.

4. On April 8, 2005, the Bankruptcy Court entered an Order confirming the Debtor's Second Amended Plan of Liquidation (the "Plan"). The Effective Date under the Plan occurred on April 19, 2005.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Creative Claim**

6. On February 4, 2005, the Court entered an Order establishing March 11, 2005 at 4:00 p.m. prevailing Eastern Time as the last date and time for filing proofs of claim for Administrative Expenses against the Debtor (the "Administrative Expense Bar Date").

7. On March 9, 2005, Creative filed an Administrative Expense Proof of Claim, seeking allowance of an administrative expense priority claim in the amount of $1,135,736, as an adjustment to the purchase price paid under the APA (the "Initial Creative Claim").

8. On June 9, 2005, the Debtor filed an objection to the allowance of the Initial Creative Claim (the "Creative Claim Objection") and Victoria Gallegos filed a similar objection as well.

9. On July 22, 2005, Creative filed an Amended Administrative Expense Proof of Claim, adding an additional $176,659 to the Initial Creative Claim, thereby increasing the amount of Creative's administrative expense priority claim to $1,312,395 in the aggregate (the "Creative Claim").

10. On July 25, 2005, Creative filed a Response to the Creative Claim Objection ("Creative's Response").

11. On August 15, 2005, the Debtor filed a Reply to Creative's Response which also included an objection to the Amended Administrative Proof of Claim on the grounds that it was filed after the Administrative Expense Bar Date.

12. 1 Model Management LLC ("One Model"), a former 60% - owned subsidiary of Debtor, the 60% interest in which was purchased by Creative under the APA, has a scheduled, undisputed and non-contingent claim in the Debtor's Bankruptcy Case in the amount of $65,043.60 (the "One Model Claim").

**The Settlement**

13. The Debtor and Creative have agreed to settle their dispute substantially in accordance with the terms of the Stipulation, a copy of which is attached hereto as Exhibit A[1]. The salient terms of the Stipulation are summarized as follows:

    (a) Creative shall be allowed an Administrative Expense Claim in the amount of $560,000 (the "Allowed Creative Claim") in full release and satisfaction of the Creative Claim;

    (b) The One Model Claim shall be allowed as a Class 3 General Unsecured Claim in the amount of $65,043.60;

    (c) The Debtor shall deliver certain documentation to Creative to further document the transactions contemplated under the APA. The specifics are still being finalized between the parties, substantially as described in the Stipulation; and

    (d) The parties shall exchange releases.

---

[1] The parties are continuing to negotiate certain provisions in paragraph 4 regarding certain of the Additional Undertakings which the parties expect to resolve prior to the hearing on this Motion.

## Relief Requested

14. By this motion, the Debtor respectfully requests that this Court approve the Stipulation pursuant to Bankruptcy Rule 9019.

## Applicable Legal Authority

15. Rule 9019(a) provides in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The decision to approve a particular compromise of settlement under Rule 9019(a) is within the sound discretion of the bankruptcy court. *See, e.g., Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).

16. A bankruptcy court should approve a proposed settlement where the court finds the settlement to be fair and reasonable and in the best interests of the debtor's estate. *See, e.g., Shugrue*, 165 B.R. at 123 ("[T]he general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above."); *In re Purofied Down Prods Corp.*, 150 B.R. 519, 523 (S.D.N.Y. 1993); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). In determining whether the settlement is fair and reasonable, the court need not decide the numerous issues of law and fact raised by the settlement, but rather, should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1982) (internal citation omitted) *quoted in Shugrue*, 165 B.R. at 121-22; *see also Purofied Down Prods.*, 150 B.R. at 522 ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation."). While the court must make an independent determination on the reasonableness of the settlement, the court may "credit and consider" the opinion of the debtor and its counsel that the settlement is fair and equitable. *See, e.g., Shugrue*, 165 B.R. at 123; *Purofied Down Prods.*, 150 B.R. at 522-23.

17. In deciding whether a particular settlement falls within the "range of reasonableness," courts generally consider the following factors:

(a) the probability of success in the litigation;

(b) the difficulties associated with collection;

(c) the complexity of the litigation, and the attendant expense, inconvenience and delay; and

(d) the paramount interests of creditors.

*See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992); *see also Ionosphere Clubs*, 156 B.R. at 428 ("The 'reasonableness' of the settlement depends upon all factors, including probability of success, the length and cost of the litigation, and the extent to which the settlement is truly the product of 'arms-length' bargaining, and not fraud or collusion.").

## The Settlement Should be Approved

18. The Debtor respectfully submits that the settlement memorialized in the Stipulation is fair and reasonable, is in the best interest of the Debtor's estate and creditors, and is well within the range of reasonableness and, accordingly, should be approved.

19. While the Debtor disputes the allegations raised in the Creative Claim and believes that it would ultimately prevail in a litigation on the issues, the cost and risks associated with such a litigation outweigh the benefits. Creative's assertions are very fact intensive and will likely involve significant discovery before any final adjudication. Furthermore, even after expending potentially significant estate assets and litigating the claim to an ultimate resolution, the outcome is not guaranteed.

20. Further, while the Debtor believes it would ultimately prevail, even so, there are certain purchase price adjustments that may in any event be submitted to an arbitrator and possibly be allowed. Additionally, the Debtor previously acknowledged a $176,659 adjustment, which is only objected to because it was not included in the original proof of claim. Furthermore, the cost of litigating would be significant and in the event that the Debtor does not prevail, Creative may be entitled to an administrative claim substantially in excess of the $560,000 being allowed by the Stipulation. Based on

- 5 -
KL2:2420636.2

the foregoing, the Debtor submits that a settlement allowing Creative an administrative expense claim of $560,000 is clearly within the range of reasonableness.

21. Finally, the Creative Claim is one of the largest remaining disputed claims in the Debtor's bankruptcy case and its resolution would enable the Debtor to move forward with an additional significant distribution to creditors and move closer to finally closing the case.

22. Overall, the benefit of settling this dispute outweighs the risks and cost of litigating the matter and, accordingly, approval of the Stipulation is in the best interest of the Debtor's estate and creditors.

## Waiver of Memorandum of Law

23. Because the relevant authorities in support of the requested relief are cited in this Motion, the Debtor respectfully requests that this Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

24. No previous motion for the relief sought herein has been made to this or any other court.

## Notice

25. Notice of this Motion has been given via first class mail, facsimile, or by hand delivery, to (a) the United States Trustee for the Southern District of New York, and (ii) the parties required to be noticed pursuant to the Order Establishing Notice Procedures approved by The Bankruptcy Court on February 11, 2004.

WHEREFORE, the Debtor respectfully requests that this Court (i) sign and enter the Stipulation as "So Ordered" and (ii) grant such other and further relief as may be necessary and appropriate under the circumstances.

Dated: New York, New York
November 25, 2005

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Jack A. Hazan
Kenneth H. Eckstein (KE-6021)
Robert T. Schmidt (RS-8881)
Jack A. Hazan (JH-3833)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for the Reorganized Debtor

- 7 -

KL2:2420636.2

# EXHIBIT A

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Kenneth H. Eckstein, Esq.
Robert T. Schmidt, Esq.
Jack A. Hazan, Esq.
(212) 715-9100

DRAFT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **EMMC, Inc., f/k/a** | : | Case No. 04-10845 (RDD) |
| **Elite Model Management Corporation**, | : | |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ORDER

This Stipulation and Order ("Stipulation") is made and entered into this \_\_\_\_ day of November, 2005, between EMMC, Inc., f/k/a Elite Model Management Corporation, the above-captioned Reorganized Debtor ("Debtor"), and Elite Model Management Corporation f/k/a Creative World Management LLC ("Creative") (the Debtor and Creative, each a "Party" and, together, the "Parties").

### RECITALS

**WHEREAS**, on February 11, 2004 (the "Commencement Date"), the Debtor commenced its case ("Debtor's Bankruptcy Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS,** on August 24, 2004, the Bankruptcy Court entered an Order (the "Sale Order") approving the sale of substantially all of the Debtor's assets (the "Asset Sale") to Creative under Section 363 of the Bankruptcy Code pursuant to the terms of an Asset Purchase

KL2:2416555.5

Agreement dated as of August 24, 2004 (the "APA").[1]  The Asset Sale was consummated by the parties on the same date as entry of the Sale Order, August 24, 2004.

**WHEREAS,** on February 4, 2005, the Court entered an Order establishing March 11, 2005 at 4 p.m. prevailing Eastern Time as the last date and time for filing proofs of claim for Administrative Expenses against the Debtor (the "Administrative Expense Bar Date").

**WHEREAS,** on March 9, 2005, Creative filed an Administrative Expense Proof of Claim, seeking allowance of an administrative expense priority claim in the amount of $1,135,736, as an adjustment to the purchase price paid under the APA (the "Initial Creative Claim").

**WHEREAS**, on April 8, 2005, the Bankruptcy Court entered an Order confirming the Debtor's Second Amended Plan of Liquidation (the "Plan").  The Effective Date under the Plan occurred on April 19, 2005.

**WHEREAS**, on June 9, 2005, the Debtor filed an objection to the allowance of the Initial Creative Claim (the "Creative Claim Objection").

**WHEREAS,** on June 9, 2005, Victoria M. Gallegos ("Gallegos") also filed an objection to the allowance of the Initial Creative Claim.

**WHEREAS**, on July 22, 2005, Creative filed an Amended Administrative Expense Proof of Claim, adding an additional $176,659 to the Initial Claim, thereby increasing the amount of Creative's administrative expense priority claim to $1,312,395 in the aggregate (the "Creative Claim").

**WHEREAS,** on July 25, 2005, Creative filed a Response to the Creative Claim Objection ("Creative's Response").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the APA.  A copy of the APA is annexed hereto as Exhibit A.

**WHEREAS,** on August 15, 2005, the Debtor filed a Reply to Creative's Response which also included an objection to the Amended Administrative Proof of Claim on the grounds that it was filed after the Administrative Expense Bar Date.

**WHEREAS,** 1 Model Management LLC ("One Model"), a former 60% - owned subsidiary of Debtor, the 60% interest in which was purchased by Creative under the APA, has a scheduled, undisputed and non-contingent claim in the Debtor's Bankruptcy Case in the amount of $65,043.60 (the "One Model Claim").

**WHEREAS,** Creative's Response also demanded that certain documentation required by or related to the APA and Creative's purchase of the assets of Debtor under the APA be delivered to Creative.

**WHEREAS,** the Parties desire to resolve the Creative Claim and other issues in connection with the APA consensually and according to the terms set forth below.

**IT IS HEREBY AGREED AND ORDERED:**

1. <u>Allowed Creative Claim</u>. The Creative Claim is hereby allowed as an administrative expense priority claim in the Debtor's Bankruptcy Case in the amount of $560,000 (the "Allowed Creative Claim").

2. <u>Payment of Allowed Creative Claim</u>. The Allowed Creative Claim shall be paid in full by the Debtor in cash within ten (10) business days after entry of an Order by the Bankruptcy Court approving this Stipulation.

3. <u>Allowed One Model Claim</u>. The One Model Claim shall be allowed as a Class 3 General Unsecured Claim in the Debtor's Bankruptcy Case, to be treated in accordance with the Plan.

4. <u>Additional Debtor Undertakings</u>.

   (a) <u>Section 338 Election</u>. Creative has advised Debtor that it desires to make an election under Section 338 of the Internal Revenue Code of 1986, as amended

("Section 338"). Debtor's accountants, Tanton & Company, and Creative's accountants, Berdon & Co., shall promptly discuss the merits of Creative's election under Section 338, and if both accountants determine that such an election is appropriate and can be made in good faith under applicable law, Debtor shall reasonably cooperate with Creative, at no additional cost or expense to Debtor, including delivery to Creative of Internal Revenue Service Form 8023, to make the election under Section 338.

(b) <u>Trademark Assignment</u>. Within three (3) business days after entry of an Order by the Bankruptcy Court approving this Stipulation, Debtor shall deliver to Creative's counsel, a Confirmatory Trademark Assignment in the form annexed hereto as Exhibit A, executed and acknowledged by the Restructuring Officer of Debtor.

(c) <u>Confidentiality Agreements Assignment</u>. Debtor shall assign to Creative, except to the extent that they are not assignable under their terms, each of the confidentiality agreements entered into by Debtor with prospective purchasers of Debtor's assets at any time subsequent to the Commencement Date (the "Confidentiality Agreements"). To document such assignment, within three (3) business days after entry of an Order by the Bankruptcy Court approving this Stipulation, Debtor shall deliver to Creative's counsel, a Confidentiality Agreement Assignment in the form annexed hereto as Exhibit B, executed by the Restructuring Officer of Debtor, with the exhibit attached thereto completed to indicate all Confidentiality Agreements , together with executed copies (or, if not available, photocopies) of all such Confidentiality Agreements.

(d) <u>Elite Toronto Documentation</u>. Debtor shall, within three (3) business days after entry of an Order by the Bankruptcy Court approving this Stipulation, provide Creative with the following: A stock power executed by the Restructuring Officer of Debtor for the transfer to "Elite Model Management Corporation f/k/a Creative World Management LLC" of all shares of capital stock of Elite Model Management Corp. Toronto ("Elite Toronto") owned by Debtor or any affiliate of Debtor (and representing 50% of the issued and outstanding capital stock of Elite Toronto), together with all stock certificate(s) evidencing such shares (or, if such stock certificate(s) are lost or destroyed, a lost stock affidavit in form and substance reasonably acceptable to Creative) and, to the extent in Debtor's possession or obtainable by Debtor without unreasonable effort or expense, all minute books, stock books and other corporate records of Elite Toronto.

(e) <u>One Model Documentation</u>. Within ten (10) business days after entry of an Order by the Bankruptcy Court approving this Stipulation, Debtor shall deliver to Creative's counsel, an assignment executed by the Restructuring Officer of Debtor for the transfer to "Elite Model Management Corporation f/k/a Creative World Management LLC" of Debtor's 60% limited partnership interest in One Model, together with, if a certificate(s) therefor had been issued, such certificate(s) (or, if such certificate(s) are lost or destroyed, a lost certificate affidavit in form and substance reasonably acceptable to Creative) and, to the extent in Debtor's possession or obtainable by Debtor without unreasonable effort or expense, all minute books, limited liability company interest recording books and other records of One Model.

(f) <u>Reasonable Cooperation re Stewart Objection</u>. At no additional cost or expense to Debtor, Debtor shall reasonably cooperate with Creative towards resolution of any continuing disputes with Stewart Talent Management Corporation regarding the

       transfer to Creative of the Debtor's interest in Elite Model Management Corporation Chicago ("Elite Chicago") and use its reasonable efforts to enable Creative to control, at Creative's cost and expense, the determination of the Objection made before the Bankruptcy Court in the Bankruptcy Case by Stewart with respect to the transfer to Creative of Debtor's interest in Elite Chicago (to the extent that the Objection is still pending with the Bankruptcy Court) and, should such Objection be resolved in favor of Creative or Debtor (including amicably by agreement among Stewart, Debtor and Creative), Debtor shall promptly deliver to Creative, a stock power, executed by the Restructuring Officer of Debtor for the transfer to "Elite Model Management Corporation f/k/a Creative World Management LLC" of all shares of capital stock of Elite Chicago owned by Debtor or any affiliate of Debtor (and representing 50% of the issued and outstanding capital stock of Elite Chicago), together with all stock certificate(s) evidencing such shares (or, if such stock certificate(s) are lost or destroyed, a lost stock affidavit in form and substance reasonably acceptable to Creative) and, to the extent in Debtor's possession or obtainable by Debtor without unreasonable effort or expense, all minute books, stock books and other corporate records of Elite Chicago.

      5.    <u>Continued Cooperation of Creative</u>.  Creative shall continue to reasonably cooperate with Debtor and provide reasonable access during normal business hours and on reasonable advance notice to Creative to the records and employees as required by the provisions of Section 10.5 of the APA and otherwise abide by all terms of the APA.

      6.    <u>Release of the Debtors</u>.  In consideration of the agreements made herein, including without limitation, the payment of the Allowed Creative Claim, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Creative releases and forever discharges the Debtor and its predecessors, successors and assigns, as well as its present and former parents, subsidiaries, affiliates, shareholders, officers, directors, employees, members, representatives, professionals and agents forever from any and all claims, actions, causes of action, suits, debts, damages, losses, obligations, demands, attorneys' fees and liabilities related to the Creative Claim, the APA or otherwise, except for any ongoing obligations under this Stipulation and under the APA, including, without limitation, the provisions of Section 10.10 of the APA.

      7.    <u>Release of Creative</u>.  In consideration of the agreements made herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged,

the Debtor releases and forever discharges Creative and its predecessors, successors and assigns, as well as its present and former parents, subsidiaries, affiliates, shareholders, officers, directors, employees, members, representatives, professionals and agents forever from any and all claims, actions, causes of action, suits, debts, damages, losses, obligations, demands, attorneys' fees and liabilities related to the Creative Claim, the APA or otherwise, except for any ongoing obligations under this Stipulation under the APA, including, without limitation, the provisions of Sections 10.5 and 10.10 of the APA.

8. <u>Retention of Jurisdiction</u>. The Parties agree that the Bankruptcy Court shall retain jurisdiction for the purpose of enforcing the terms of, and resolving any disputes arising under, the APA and this Stipulation.

9. <u>No Admission</u>. Each Party expressly recognizes that the consideration set forth herein is given by each Party in settlement of a contested matter and that neither this Stipulation, the consideration specified herein, the acceptance thereof nor any other action taken to comply with this Stipulation represents an admission of liability or responsibility on the part of either Party. Neither this Stipulation nor any action taken to comply with its provisions shall be construed as, or used as, an admission of any fault, wrongdoing or liability whatsoever in this or any other matter.

10. <u>No Assignment</u>. Creative represents and warrants that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity, any of the claims resolved or released pursuant to this Stipulation.

11. <u>Entire Agreement</u>. The Parties acknowledge that no promise, inducement, or agreement not stated here has been made to them in connection with this Stipulation, and that this Stipulation constitutes the entire agreement between them with respect to the subject matter hereof. The Parties understand and agree that this Stipulation may not be altered, amended,

DRAFT

modified, or otherwise changed in any respect whatsoever except by a writing duly executed by both Parties.  The Parties agree and acknowledge that they will make no claim at any time or place that this Stipulation has been orally altered or modified or otherwise changed by oral communication of any kind or character.

12. <u>Counterparts</u>.  This Stipulation may be executed simultaneously or in one or more counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument.  A facsimile copy of a signature page is the equivalent of an original signature page.

13. <u>Choice of Law</u>.  This Stipulation shall be governed by, construed, and enforced in accordance with federal bankruptcy law, to the extent applicable, and where state law is implicated, the laws of the State of New York without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws that would defer to the laws of another jurisdiction.

14. <u>Authority</u>.  Each of the representatives signing this Stipulation represents that he or it has the authority to execute this Stipulation on behalf of the Party for whom executed and to bind that Party to all representations and terms set forth herein.

15. <u>Settlement Effective Date</u>.  This Stipulation is subject to and shall become effective only upon Bankruptcy Court approval.

IN WITNESS WHEREOF, this Stipulation is executed as of the date and year indicated above.

                          EMMC, INC., F/K/A
                          ELITE MODEL MANAGEMENT
                          CORPORATION

                          _____

                          Kenneth H. Eckstein, Esq. (KE-6021)
                          Robert T. Schmidt, Esq. (RS-8881)
                          Jack A. Hazan, Esq. (JH-3833)
                          Kramer Levin Naftalis & Frankel LLP
                          1177 Avenue of the Americas
                          New York, New York  10036
                          (212) 715-9100

                          Attorneys for Reorganized Debtor


                          ELITE MODEL MANAGEMENT
                          CORPORATION, F/K/A CREATIVE
                          WORLD MANAGEMENT LLC

                          _____

                          Mitchel H. Perkiel, Esq.  (MP-8691)
                          Richard A. Rubin (RR-   )
                          Troutman Sanders LLP
                          The Chrysler Building
                          405 Lexington Avenue
                          New York, NY 10174
                          Phone:  (212) 704-6000

                          Attorneys for Creative World Management LLC


So Ordered on this _____
day of _____, 2005

_____
Honorable Robert D. Drain
United States Bankruptcy Judge