STEVENS & LEE, P.C.
Attorneys for Litigation Trustee
485 Madison Avenue, 20th Floor
New York, New York 10022
Nicholas F. Kajon (NK-1096)
Constantine D. Pourakis (CP-0730)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                  :

    In re                                                  : Chapter 11
                                                  :
EMMC, Inc., f/k/a,                         : Case No. 04-10845 (RDD)
Elite Model Management Corporation,  :
                                                  :
                 Debtor.                            :
                                                  :
---------------------------------------------------------x

**MOTION OF LITIGATION TRUSTEE
FOR ORDER EXTENDING THE TERM OF THE LITIGATION TRUST**

        Chester B. Salomon, in his capacity as Litigation Trustee (the "Litigation Trustee") under the Litigation Trust (the "Litigation Trust") created under the Second Amended Chapter 11 Plan of Liquidation of the estate of the above-captioned debtor (the "Debtor"), hereby submits this motion (the "Motion") for an order, <u>nunc pro tunc</u> as of April 19, 2007, extending the term of the Litigation Trust for an additional year, pursuant to section 105(a) of title 11 of the United States Code, (the "Bankruptcy Code"), and Article VI of the Litigation Trust. In Support of the Motion, the Litigation Trustee respectfully represents as follows:

**BACKGROUND**

        1. On February 11, 2004 (the "Petition Date"), EMMC, Inc., f/k/a Elite Model Management Corporation, filed a voluntary petitions for relief under chapter 11 of the Bankruptcy Code, Case No. 04-10845 (RDD).

2. EMMC's Second Amended Chapter 11 Plan of Liquidation (the "Plan") was confirmed by order dated April 8, 2005. The Plan became effective on April 19, 2005 (the "Effective Date").

3. The EMMC, Inc. Litigation Trust was established under the Plan, *inter alia*, to prosecute certain pre-petition Causes of Action (as defined in the Plan), including preference actions, that previously belonged to the Debtor and that were transferred to the Litigation Trust on the Effective Date of the Plan. Chester B. Salomon has been appointed Litigation Trustee under the Litigation Trust and is currently serving in such capacity.

4. At present the mandated term of the Litigation Trust is due to expire on April 19, 2007.

5. As of the date hereof, the Litigation Trustee has settled, entered default judgments, or otherwise resolved the various avoidance actions described above.

6. There is only one outstanding litigation remaining, Salomon v. Kittler, Marie, D'Angelico, Casablancas and Talent Network Group, Inc., Adv. Pro. No. 06-01266 (the "D&O Action"). The D&O Action seeks to recover estate assets from some or all of the Defendants.

7. Several of the Defendants filed motions to dismiss, to which the Litigation Trustee has responded. Oral argument on the motions to dismiss is scheduled for April 5, 2007.

8. Therefore, as of the date hereof, the Litigation Trustee believes it is necessary to further extend the term of the Litigation Trust to a date not earlier than April 19, 2008, to allow the Litigation Trust to pursue the D&O Action.

## **JURISDICTION**

9. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). This Court also retains

2
SL1 713119v1/072008.00001

jurisdiction to resolve matters relating to the Litigation Trust pursuant to Article VI thereof the Litigation Trust, Paragraph 31 of Confirmation Order, and Article 12.1 of the Plan.

**RELIEF REQUESTED**

10. Article VI of the Litigation Trust provides:

ARTICLE VI.

TERMINATION OF LITIGATION TRUST

> The Litigation Trust shall terminate on the 2nd anniversary of the Effective Date (the "Termination Date"), provided, however, that the Litigation Trustee may, upon reasonable notice to the Plan Administrator and other parties in interest, seek approval of the Bankruptcy Court to extend (a "Termination Date Extension") the Litigation Trust for a period not to exceed one year from the Termination Date for the purpose of continuing to pursue any Transferred Cause of Action and any litigation related thereto, when the Litigation Trustee has reasonably concluded that continuing to pursue such Transferred Causes of Action is in the economic best interest of the beneficiaries of the Litigation Trust. The Litigation Trustee may, in, his discretion, seek approval from the Bankruptcy Court of subsequent Termination Date Extensions for the purpose described in the previous sentence. Such Termination Date Extensions must be approved by the Bankruptcy Court, after reasonable notice to the Plan Administrator and other parties in interest, upon a finding that the Termination Date Extension is reasonable and necessary for such purpose. The Litigation Trustee shall not unduly prolong the duration of the Litigation Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Trust Assets and to effect the distribution of the Trust Assets to the Trust Beneficiaries in accordance with the terms of the Plan and terminate the Litigation Trust as soon as practicable. Prior to and upon termination of the Litigation Trust, the Trust Assets will be distributed to the Trust Beneficiaries pursuant to the provisions set forth in Section 2.8 hereof. If any Trust Assets are not duly claimed, such Trust Assets will be distributed, pursuant to the terms of the Plan.

11. The Litigation Trustee respectfully requests that the Bankruptcy Court enter an order, nunc pro tunc as of April 19, 2007 extending the expiration of the term of the Litigation Trust an additional year to April 19, 2008.

**BASIS FOR RELIEF REQUESTED**

12. This Court has the authority to grant the relief requested under sections 105(a) and 1142 of the Bankruptcy Code. Section 1142(b) of the Bankruptcy Code provides in part that "[t]he court may direct the debtor and any other necessary party . . . to perform any other act … that is necessary for the consummation of the plan." 11 U.S.C § 1142(b). "The bankruptcy court's authority under § 1142(b) extends to post-confirmation activities necessary to complete performance under the plan and close the case." Pioneer Liquidating Corp. v. U.S. Tr. (In re Consol. Pioneer Mortgage Entities), 248 B.R. 368, 384 (9th Cir. B.A.P. 2000), aff'd 264 F.3d 803 (9th Cir. 2001)

13. Similarly, Bankruptcy Rule 3020(d) provides that "[n]otwithstanding the entry of an order of confirmation, the court may issue any other order necessary to administer the estate."

14. Sections 105(a) and 1142 vest the Court with "broad authority" to grant the relief sought. Section 105 of the Bankruptcy Code states in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C § 105. Section 1142(b) of the Bankruptcy Code allows the court to enter orders necessary for implementation of a plan. Collier on Bankruptcy ¶ 1143.02[1] (15th Rev. Ed. 2003) ("The scope of 1142(b) is considerably broader than merely ministerial acts, such as termination or creation of liens. Acting pursuant to section 1142(b), the court may issue any order necessary for the implementation of the plan."). Accordingly, this Court has the authority to issue the order requested herein, which extends the term of the Litigation Trust, on the basis that extending the term of the Litigation Trust will permit the Litigation Trust to carry out its duties under the plan.

4

15. The relief sought in this Motion is intended to provide additional time for the Litigation Trust to prosecute the D&O Action and to complete the duties described in the Plan and the Litigation Trust Agreement.

## RESERVATION OF RIGHTS

16. The Litigation Trustee hereby reserves the right to seek additional extensions of the Litigation Trust on an annual basis should such need arise.

## NOTICE

17. Pursuant to Article VI of the Litigation Trust Agreement, notice of this Motion has been given to the Plan Administrator, counsel to the Plan Administrator and the Litigation Trust Advisory Board. The Litigation Trustee submits that this is proper and adequate notice.

**WHEREFORE**, the Litigation Trustee respectfully request that this Court enter an order, nunc pro tunc as of April 19, 2007 extending the term of the Litigation Trust an additional year to April 19, 2008.

Dated: New York, New York
April 4, 2007

> STEVENS & LEE, P.C.
> Attorneys for Litigation Trustee
>
> By: /s/ Nicholas F. Kajon
> Nicholas F. Kajon (NK-1096)
> Constantine D. Pourakis (CP-0730)
> 485 Madison Avenue, 20th Floor
> New York, NY 10022
> (212) 319-8500

SL1 713119v1/072008.00001