UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                :

In re                          :        Chapter 11

                                :

EMMC, Inc., f/k/a,          :        Case No. 04-10845 (RDD)
Elite Model Management Corporation,   :

                                :

                Debtor.       :

                                :
------------------------------------------------------x

**APPLICATION OF CHESTER B. SALOMON AS LITIGATION TRUSTEE
FOR A FINAL DECREE AND TERMINATING THE LITIGATION TRUST**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

        Chester B. Salomon, in his capacity as Litigation Trustee (the "Litigation

Trustee") under the Litigation Trust (the "Litigation Trust"), created under the Second

Amended Chapter 11 Plan of Liquidation (the "Plan") of the estate of the

above-captioned debtor (the "Debtor"), by his counsel, Stevens & Lee, P.C., submits this

application for the entry of a final decree of the above-captioned estate and terminating

the Litigation Trust, pursuant to section 350(a) of the Bankruptcy Code and Federal Rule

of Bankruptcy Procedure 3022, and represents and shows this Court as follows:

        1.  The Debtor commenced this bankruptcy case with the voluntary filing of a

chapter 11 petition with this Court on February 11, 2004 (the "Filing Date").

        2.  This Court confirmed the Second Amended Plan of Liquidation for the Debtor

by order entered April 8, 2005 and the Plan became effective on April 19, 2005.

        3.  The EMMC, Inc. Litigation Trust (the "Litigation Trust") was established

under the Plan, *inter alia*, to prosecute certain pre-petition Causes of Action (as defined

in the Plan), including preference actions, that previously belonged to the Debtor and that were transferred to the Litigation Trustee under the Litigation Trust.

4. At present the mandated term of the Litigation Trust is due to expire on July 17, 2007. Upon information and belief, the closing of the Litigation Trust will also wind-up the Debtor's estate.

5. Section 350(a) of the Bankruptcy Code provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Federal Rule of Bankruptcy Procedure 3022 provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

6. Accompanying this application as Exhibit A, and pursuant to Local Bankruptcy Rule 3022-1, is the Final Report for the Litigation Trust.

7. In addition, the Litigation Trustee seeks authority to destroy all records in his possession other than those records needed to support the tax returns filed by the Litigation Trust.

8. Notice of this motion will be given to all creditors holding Allowed Claims (as defined in the Plan).

9. The Litigation Trustee has made no prior request for the relief sought herein, to this or to any other Court.

10. As such, the Litigation Trustee respectfully request that this Court enter a final decree closing the Debtor's estate and terminating the Litigation Trust, in the form of order annexed hereto as Exhibit B.

SL1 719986v2/072008.00001

**WHEREFORE,** the Litigation Trustee respectfully requests that this Court enter

a final decree of the Debtor's estate, and an order terminating the Litigation Trust,

pursuant to section 350(a) of the Bankruptcy Code and Federal Rule of Bankruptcy

Procedure 3022, and order such other and further relief as the Court may find just and

proper.

Dated: New York, New York
      June 27, 2007

                                  STEVENS & LEE, P.C.
                                  Counsel to Chester B. Salomon, Litigation
                                  Trustee

                                  By: /s/ Nicholas F. Kajon
                                      Nicholas F. Kajon (NK-1096)
                                      485 Madison Avenue, 20th Floor
                                      New York, New York 10022
                                      (212) 319-8500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
      In re                                        :    Chapter 11
                                                       :
EMMC, Inc., f/k/a,                                     :    Case No. 04-10845 (RDD)
Elite Model Management Corporation,                    :
                                                       :
            Debtor.                            :
                                                       :
-------------------------------------------------------x

## <u>LITIGATION TRUSTEE'S FINAL REPORT</u>

     CHESTER B. SALOMON, Litigation Trustee of the estate of the above-captioned

Debtor, certifies to the Court and the United States Trustee pursuant to FRBP 5009, that the

Litigation Trustee has faithfully and properly fulfilled his duties, has examined all transferred

causes of action as appropriate under the Litigation Trust, and that the final report, attached

hereto, is proper and consistent with the law and rules of the court.

     Therefore, the Litigation Trustee requests that the Final Report be accepted.


                                  /s/ Chester B. Salomon
                                  Chester B. Salomon
                                  Litigation Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                             :

In re                          :     Chapter 11
                             :

EMMC, Inc., f/k/a,            :     Case No. 04-10845 (RDD)
Elite Model Management Corporation,  :
                             :

            Debtor.         :
                             :
------------------------------------------------------x

## LITIGATION TRUSTEE'S FINAL REPORT

To:    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE


        CHESTER B. SALOMON, the Litigation Trustee herein, respectfully submits to the

Court and to the United States Trustee his Report in accordance with 11 U.S.C. §704(9).

        1.   The Petition commencing this case was filed on February 11, 2004.  CHESTER B.

SALOMON was appointed Litigation Trustee on April 8, 2005 under the Second Amended Plan

of Liquidation.

        2.   The Litigation Trustee certifies that he has concluded the administration of the

Litigation Trust and has performed the duties enumerated in the Bankruptcy Code and pursuant

to the terms of the Litigation Trust Agreement.  The nonexempt assets of the Litigation Trust's

estate have either been converted to cash, disposed of pursuant to orders of this Court, or are

sought to be abandoned by the Litigation Trustee; there is no other property belonging to the

estate; and there are no matters pending or undetermined to the best of the Litigation Trustee's

knowledge.  Furthermore, tax returns for the years 2005, 2006 and 2007 will be completed and

filed prior to July 19, 2007. The Litigation Trustee therefore certifies that the Litigation Trust is ready to be closed. The tasks performed by the Litigation Trustee are set forth on Exhibit A.

3.  A summary of the Litigation Trust's activity as of June 20, 2007 is as follows:

| | |
|---|---|
| a. Receipts | $133,319.62 |
| b. Disbursements[1] | $106,970.00 |
| c. NET CASH available for distribution | $26,412.62 |
| d. Compensation owing to Litigation Trustee | $10,516.41 |
| e. Expenses owing to the Litigation Trustee | $8.11 |
| f. Compensation owing to Litigation Trustee's Counsel, Stevens & Lee, P.C. | $152,006.56 |
| g. Expenses owing to the Litigation Trustee's Counsel, Stevens & Lee, P.C. | $7,528.78 |
| h. Compensation owing to Litigation Trustee's Accountants American Express Tax and Business Services | $21,899.73 |
| i. Expenses owed to the Litigation Trustee's Accountants American Express Tax and Business Services | $0 |

Litigation Trustee's Fees and Expenses

4.  From the inception of the Litigation Trust through September 30, 2006, the Litigation Trustee accrued fees totaling $12,796.80 and expenses totaling $31.80.

5.  On or about October 13, 2006, the Litigation Trustee was partially compensated for those services, receiving $2,280.39 in partial payment of fees and $31.80 in complete reimbursement of expenses.

---

[1] Under the terms of the Litigation Trust, the Litigation Trustee is authorized to pay all professional fees and expenses without seeking authorization from the Court.

6.  The Litigation Trustee has not accrued additional expenses and has not accrued additional fess.  The Litigation Trustee is presently owed $10,516.41 in fees and $8.11 in expenses.

Stevens & Lee, P.C.'s Fees and Expenses

7.  From the inception of the Litigation Trust through September 30, 2006, Stevens & Lee, P.C., the Litigation Trustee's counsel, accrued fees totaling $189,532.31 and expenses totaling $9,952.31.

8.  On or about October 13, 2006, Stevens & Lee was partially compensated for those services, receiving $70,594.03 in partial payment of fees and $9,952.31 in complete reimbursement of expenses.

9.  Stevens & Lee has accrued additional fees and expenses since September 30, 2006. Total fees owed by the Litigation Trust to Stevens & Lee for service rendered from the inception of the Litigation Trust to May 1, 2007 are $152,006.56.  Stevens & Lee is also owed $7,528.78 in expenses.

American Express Tax & Business Services Fees and Expenses

10.  From the inception of the Litigation Trust through February 28, 2006, American Express Tax & Business Services ("AETBS"), the Litigation Trustee's accountants, accrued fees totaling $33,763.00 and expenses totaling $159.00.

11.  On or about October 13, 2006, AETBS was partially compensated for those services, receiving $11,863.27 in partial payment of fees and $159.00 in complete reimbursement of expenses.

12. AETBS has not accrued additional fees nor additional expenses. AETBS is presently owed $21,899.73 in fees and $0 in expenses.

13. Total compensation previously paid to Litigation Trustee and his professionals for services rendered through September 30, 2006, was $94,880.80 including full compensation of all expenses.

Eisner LLP Retention

14. On June 14, 2007, the Litigation Trustee retained Eisner LLP to prepare the Litigation Trust's tax returns for 2005, 2006 and 2007. Eisner was paid a $5,000.00 retainer to perform said services. The Litigation Trustee is not aware of any additional fees accrued by Eisner above and beyond the $5,000 retainer.

15. Total fees due and owing to the Litigation Trustee, Stevens & Lee and AETBS as of June 20, 2007 are $184,422.70.

16. Total expense reimbursement due and owing to the Litigation Trustee, Stevens & Lee and AETBS as of June 20, 2007 is $7,536.89.

17. The total amount left in the Litigation Trust account is $26,412.62. All of these moneys will be paid to the Litigation Trustee and his professionals on a *pro rata* basis. No further application for such disbursement is required under the terms of the Litigation Trust Agreement.

18. The Trust made no distributions to any creditors and all Trust proceeds were used to satisfy only a percentage of the professional fees.

WHEREFORE, the Litigation Trustee certifies under penalty of perjury that the above statements are true and correct.

RESPECTFULLY SUBMITTED:

DATE: June 27, 2007

/s/ Chester B. Salomon
CHESTER B. SALOMON
485 Madison Ave., 20th Floor
New York, NY 10022
Telephone # (212) 319-8500

SL1 720288v2/072008.00001

<u>**EXHIBIT A**</u>

## TASKS PERFORMED BY TRUSTEE

The Litigation Trust was established for the sole purpose of prosecuting any Transferred Causes of Action. The Litigation Trust was formed to pursue, abandon, settle or release any or all such causes of action. The Litigation Trust at all times acted solely for the economic benefit of the Trust Beneficiaries.

The Litigation Trustee acted in an expeditious and orderly manner, in accordance with the terms of the Trust Agreement (the "Trust Agreement") and the Second Amended Plan (the "Plan") dated as of April 14, 2005 by liquidating and converting to Cash the Trust Assets, and did not unduly prolong the duration of the Litigation Trust. In doing so, the Litigation Trustee exercised his business judgment in connection with the Trust Assets. The Litigation of the Trust Assets was accomplished through the prosecution, settlement, adjustment, disposition or abandonment of any or all of the Transferred Causes of Action, or otherwise, in connection therewith, and subject to the limitations described in the Trust Agreement and the Plan. The Litigation Trustee had the power to prosecute for the benefit of the Litigation Trust all Transferred Causes of Action transferred to the Litigation Trust, whether such suits are brought in the name of the Litigation Trust, the Debtor or otherwise for the benefit of the Trust Beneficiaries. All proceeds generated from Trust Assets were held by the Litigation Trust. Except as expressly set forth in the "Trust Agreement" (including, without limitations, section 3.4(b) of the Trust Agreement), the Litigation Trustee had absolute discretion to pursue or not pursue any and all the Transferred Causes of Action, as the Litigation Trustee determined were in the best interests of the

holders of the Trust Interests and consistent with the purposes of the Litigation Trust, and had no liability for the outcome of his decision. Subject to the terms of the Trust Agreement and the Plan the Litigation Trustee had the authority to incur reasonable and necessary expenses in administering the Trust Assets.

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x
                                :

In re                         :     Chapter 11
                                :

EMMC, Inc., f/k/a,         :     Case No. 04-10845 (RDD)
Elite Model Management Corporation,   :

              Debtor.      :
                                :

----------------------------------------------------x

## DISTRIBUTION REPORT

I, CHESTER B. SALOMON Litigation Trustee herein, certify that adversary claims filed and docketed in this case by the Clerk of the Bankruptcy Court, have, consistent with the proposed distribution, been reviewed, and all orders of Court have been examined, and state that based on the review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Litigation Trust Administrative Expenses: | **$133,319.62** |
| Priority Claims (507(a)(3)-(a)(6): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| General Unsecured Claims | $ 0.00 |
| TOTAL AMOUNT TO BE DISTRIBUTED: | $ 0.00 |

| | OPENING BALANCE | DEPOSITS | WITHDRAWALS | TOTALS | ENDING BALANCE |
|---|---|---|---|---|---|
| (initial deposit) 4/12/2005 | 20,000.00 | 20,000 | | 20,000.00 | 20,000.00 |
| 5/1/2005-5/31/2005 | 20,000 | 200 | 0 | 0 | 20,000 |
| 6/1/2005-6/30/2005 | 20,000 | | 0 | 0 | 20,200 |
| 7/1/2005-7/31/2005 | 20,200 | 0 | 0 | 0 | 20,000 |
| **8/1/2005-8/31/2005** | | | | | |
| **9/1/2005-9/30/2005** | | | | 200 | |
| 10/1/2005-10/31/2005 | 20,200.00 | 5,000.00 | 5,250.00 | -250.00 | 19,950.00 |
| 11/1/2005-11/30/2005 | 19,950.00 | 0 | 0 | | 19,950.00 |
| 12/1/2005-12/31/2005 | 19,950.00 | 0 | 0 | 0 | 19,950.00 |
| 1/1/2006-1/31/2006 | 19,950.00 | 900 | 0 | 6,730.00 | 26,680.00 |
| | | 2,000.00 | 0 | | |
| | | 3,830.00 | 0 | | |
| 2/1/2006-2/28/2006 | 26,680.00 | 51,989.00 | 0 | 51,989.00 | 78,669.00 |
| 3/1/2006-3/31/2006 | 78,669.00 | 7,000.00 | 330 | 17,658 | 96,327.00 |
| | | 9,738.00 | | | |
| | | 1,250.00 | | | |
| 4/1/2006-4/30/2005 | 96,327.00 | 2,500.00 | 0 | 10,500 | 106,827.00 |
| | | 8,000.00 | | | |
| 5/1/2006-5/31/2005 | 106,827.00 | 700.00 | 172.8 | 585.4 | 107,412.40 |
| | | 1,000.00 | 791.8 | | |
| | | | 150 | | |
| 6/1/2006-6/30/2006 | 107,412.40 | 3,700.00 | 0 | 3700 | 111,112.40 |
| **7/1/2006-7/31/2006** | | 700.00 | | 700 | |
| 8/1/2006-8/31/2006 | 111,812.40 | 1,000.00 | 0 | 2,700.00 | 114,512.40 |
| | | 700 | | | |
| | | 1,000.00 | | | |
| 9/1/2006-9/30/2006 | 114,512.40 | 700 | 331.6 | 368.4 | 114,880.80 |
| 10/1/2006-10/31/2006 | 114,880.80 | 700.00 | 9,984.11 | -94,180.80 | 20,700.00 |
| | | | 159 | | |
| | | | 72,874.42 | | |
| | | | 11,863.27 | | |
| **11/1/2006-11/31/2006** | | 700 | | 700 | |
| 12/1/2006-12/31/2006 | 21,400 | 700 | 0.00 | 700 | 22,100.00 |
| **1/1/2007-1/31/2007** | | 700 | | 700 | |
| 2/1/2007-2/28/2007 | 22,800.00 | 700 | 0.00 | 700 | 23,500.00 |
| 3/1/2007-3/31/2007 | 23,500.00 | 412.62 | 0 | 412.62 | 23,912.62 |
| 4/1/2007-4/30/2007 | 23,912.62 | 0 | 0.00 | 0 | 23,912.62 |
| **5/1/2007-5/31/2007** | **23,912.62** | **0** | **0.00** | **0** | **23,912.62** |
| 6/1/2007-6/30/2007 | 23,912.62 | 7,500 | 5,000.00 | 2,500.00 | 26,412.62 |
| | | 133319.62 | 106907 | 26,412.62 | |

# PROFESSIONAL FEES AND EXPENSES

## EXHIBIT C

| | Total Fees & Expenses Incurred | Previously Paid | Remaining Amount to be Paid |
|---|---|---|---|
| Litigation Trustee | $12,796.80 | $2,280.39 | $10,516.41 |
| Litigation Trustee Expenses | $39.91 | $31.80 | $8.11 |
| Litigation Trustee's Attorneys Stevens & Lee, P.C. Fees | $222,600.59 | $70,594.03 | $152,006.56 |
| Litigation Trustee's Attorneys Stevens & Lee, P.C. Expenses | $17,481.09 | $9,952.31 | $7,528.78 |
| American Express Business Services: Litigation Trustee's Accountant | $33,763.00 | $11,863.27 | $21,899.73 |
| American Express Business Services: Litigation Trustee's Accountant's expenses | $159.00 | $159.00 | 0 |
| TOTAL | $286,840.39 | $94,880.80 | $191,958.59 |